**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARTHA BEABES<br>12309 Gearhart Road<br>Greencastle, PA 17225 | : <br> : <br> : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No.: |
| | : | |
| AION MANAGEMENT LLC | : | |
| 1 South Broad Street, Ste. 1900 | : | |
| Philadelphia, PA 19107 | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |
| | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Martha Beabes (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by AION Management LLC (hereinafter referred to as "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 *et. seq*.), the Family and Medical Leave Act ("FMLA" – 29 U.S.C. § 2601 et. seq.), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO").[1]  Plaintiff was unlawfully terminated by Defendant, and she suffered damages more fully described/sought herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks

---

[1] Plaintiff intends to amend her instant lawsuit to include claims under the PHRA and PFPO once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC").

redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.      This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.      Plaintiff filed a Charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing and dual-filing her Charge with the EEOC and the PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6.      The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7.      Plaintiff is an adult who resides at the above-captioned address.

8.      AION Management LLC is a Delaware corporation, registered in the Commonwealth of Pennsylvania to perform business operations and is headquartered in Philadelphia (at the above captioned address).

9.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Defendant is a Philadelphia-based, vertically integrated real estate firm specializing in acquiring, renovating, and managing workforce housing across the Mid-Atlantic and Midwest.

12.     Plaintiff was hired by Defendant on or about September 1, 2021; and in total, she was employed for approximately 4.5 years.

13.     Plaintiff was employed by Defendant as a "Property Manager" as of termination, and she was assigned to work in this full-time capacity at a community known as "The Ridge Apartment Homes," located at 17940 Garden Lane, Hagerstown, MD 21740.

14.     Thus, Plaintiff was physically assigned to one of Defendant's premises in Maryland.

15.     However, Defendant's principal office is in Philadelphia (as its center of all operations) and Plaintiff had to attend corporate meetings in Philadelphia (at the corporate office).

16.     Upon information and belief, all of Plaintiff's employment records are located in Defendant's Philadelphia office.

17.     Defendant's corporate management is based in Philadelphia; all policies, rules and directives come from Defendant's Philadelphia corporate management.

18.     Plaintiff's job offer was extended from Philadelphia (and in particular from Lisa Ciallella, based in Philadelphia).

19.    More importantly, the unlawful employment decisions at issue *herein* were all made from Defendant's corporate offices in Philadelphia; thus, the illegal discrimination outlined *herein* occurred in Philadelphia.

20.    Plaintiff suffers from permanent and long-term heart problems. Since Plaintiff's cardiac-related disabilities are life-threatening, she required a defibrillator implant.

21.    Plaintiff's last day of physical work for Defendant was on or about October 20, 2025.

22.    As of the evening of October 20th, Plaintiff was hospitalized and took leave under the Family and Medical Leave Act ("FMLA") as of on or about October 21, 2025.

23.    According to Defendant, Plaintiff's leave under the FMLA expired on or about January 18, 2026.

24.    By January of 2026, Plaintiff was, however, attempting to resume work with Defendant.

25.    Plaintiff did need both minor and temporary accommodations.

26.    Defendant wanted accommodation documentation from Plaintiff's physician.

27.    Thus, on or about January 6, 2026, Plaintiff emailed a "Return to Work Letter" setting forth she was under a doctor's care for "heart failure" and am now "in stable condition."

28.    This letter further stated Plaintiff would benefit from using a vehicle to travel around the property (such as a golf cart), she was to continue with cardiac rehabilitation and may need flexibility to attend various medical appointments.

29.    These are of course very reasonable medical accommodations, as they would not have affected Plaintiff's overall role or essential duties.

30.    The aforesaid return-to-work letter was not sufficient for Defendant.

4

31.     Plaintiff was asked to provide a "Return-to-Work Release Form" with more information.

32.     Plaintiff then provided this additional documentation to Defendant's Philadelphia Human Resources Business Partner (Williams-Bey) on or about January 30, 2026, via email.

33.     This medical paperwork identified Plaintiff needed both minor and temporary accommodations.

34.     The medical paperwork identified Plaintiff was "able to return to work," and the note recommended she return for 6 hours a day max (instead of 8 hours) for a brief timeframe (**from 2/2/26 to 4/1/26**) before resuming full-time and that she be allowed periodic breaks or "use of cart whenever possible." These are of course very reasonable medical accommodations, as she could have performed her role just fine and a 2-month timeframe of a slightly reduced work schedule is a very limited period of time.

35.     Plaintiff again followed up on February 2, 2026 (to Williams-Bey), asking if anything else was needed for her to return -- since she had been trying to resume work as of January 2026.

36.     Since Defendant was largely unresponsive and engaging in delays in getting back to Plaintiff about what she needed to return, Plaintiff again followed up with Williams-Bey via email on February 9, 2026, asking if other documents are needed from her doctors so she can return to work.

37.     Plaintiff was then given an "Interactive Process Questionnaire" to have filled out by her physician.

38.     Plaintiff submitted the completed form as soon as possible after it was provided to (as she did with all other requests).

39.     On or about February 25, 2026, Plaintiff submitted a completed version of this Questionnaire; the form was very inquisitive of Plaintiff's disabilities, and hence her physician identified those disabilities including that she suffered from "heart disease."

40.     The form identified that Plaintiff's disabilities impact certain life activities.

41.     The form identified until cleared by my physician, Plaintiff should not spend <u>more than 15 minutes per hour</u> walking long distances or climbing stairs.

42.     This form further identified Plaintiff would benefit from a golf cart and can work 6 hours per day (which was already known to be a temporary accommodation).

43.     Plaintiff was led to believe all of her medical forms would be read in conjunction, and it was clearly known her accommodation needs (including 6-hour workdays was to end on 4/1/26). Again, in light of her role and duties, these were very reasonable medical accommodations (especially for such a short timeframe).

44.     In fact, by the time Defendant was giving Plaintiff accommodation paperwork in late February -- and she was returning it in the same timeframe, her accommodations were to end anyway by no later than 4/1/26 (*only about 1 month later*).

45.     After a week passed without communication (and she had now been trying to return to work for over a month), Plaintiff followed up with Williams-Bey on March 2, 2026, via email.

46.     Plaintiff said, "let me know if I am missing anything else so that I can come back soon." Plaintiff tried to continue being pleasant (even though being generally delayed and stonewalled), hoping Defendant would finally let her resume working.

47.     On or about <u>March 4, 2026</u>, she received an email from Defendant's Philadelphia human resources personnel an accommodation denial <u>and a notice of termination</u> stating as follows:

Hi Martha,

Thank you for the documentation.

While your doctor indicated that you are able to perform all of the job functions, he also indicated that you are limited in your ability to walk long distances, climb stairs, climb ladders, bend, and lift. As you are aware, your Real Estate Manager position requires that you be consistently on site at the property to which you are assigned. Your duties also include physically inspecting units including those on the second and third floors of the buildings at the property, requiring you to frequently climb stairs. Additionally, because the Real Estate Manager handles unscheduled visits from residents, potential residents, vendors, and other property visitors, frequent breaks cannot be guaranteed or scheduled regularly. Finally, the leasing office is open eight hours per day, and your health care provider has noted that you are unable to work any more than six hours per day. As you are aware, there are no other qualified employees available at the property to fill in.

In short, AION is unable to accommodate your requests due to the business needs of the property. With that, we have decided to move forward with separating you from AION.

48.    On March 10, 2026, Plaintiff was emailed that she had been terminated effective March 3, 2026, by Williams-Bey.

49.    Defendant **was aware** that Plaintiff was going to be released from restrictions **it used to justify her termination** in March 2026 *by no later than April 1, 2026* (a release that would be only weeks following her termination notification).

50.    Plaintiff did in fact get released even **prior to April 1, 2026**.

51.    Plaintiff saw her physician at WellSpan Health on March 26, 2026 and was provided with medical clearance paperwork thereafter identifying: "She may return to work with no restrictions."

52.    As of March 26, 2026, Plaintiff did not need any more accommodations (and yet was terminated weeks earlier based upon a letter that was not accurate or exaggerated and without so much as a discussion with Plaintiff).

### Defendant Did Not Engage Interactive Processes at All

53.    From January to March of 2026, Plaintiff continually tried to return to work. During this timeframe, Plaintiff kept being asked to provide new medical information and getting no actual details from Defendant's management or human resources about what could occur to permit her to return to work.

54.    Plaintiff could have absolutely been accommodated after each note provided and permitted to work; **or** if Defendant shared with Plaintiff any concern with any specific accommodation she sought, she could have communicated with her physician about being more flexible on that proposed accommodation.

55.    But, Plaintiff never got any feedback about any specific concerns (or what concerned Defendant).

56.    Defendant's process of emailing forms to fill out is not an interactive process. And just because Defendant titles a form "Interactive Process" does not mean it is an interactive process (as Defendant makes no effort to actually talk with people requesting accommodations).

57.    Defendant's human resources personnel didn't talk with Plaintiff, didn't discuss her job or accommodations with her, and didn't even give her an opportunity to address any supposed accommodation concern to them.

58.    Moreover, Defendant terminated Plaintiff based upon a pieces of paper from doctors it didn't even understand and based upon its misperceptions **AND** despite that it was evident Plaintiff was about to be fully cleared to work.

8

59. At all times, Plaintiff interacted with Philadelphia personnel related to her medical leave and accommodation needs underlying her legal claims (for which she was not permitted to return from and was terminated).

60. At all times, Plaintiff's accommodations requested (discussed *supra*) were rejected by Philadelphia Human Resources management in writing.

61. Finally, Plaintiff's termination from employment was communicated to Plaintiff by Alicia Williams-Bey (Defendant's Senior Human Resources Business Partner based in Philadelphia).

**COUNT I**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;**
**and [3] Failure to Accommodate)**

62. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

63. Plaintiff suffered from qualifying health conditions under the ADA which affected her ability (at times) to perform some daily life activities.

64. Plaintiff kept Defendant's management informed of her serious medical conditions and need for medical treatment and other accommodations.

65. Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendant; however, Plaintiff did require some reasonable medical accommodations at times.

66.    Plaintiff requested reasonable accommodations from Defendant including but not limited to assistance with the use of a golf cart, certain time off for medical appointments, and a modified work schedule for a temporary period of time.

67.    Defendant failed to properly accommodate Plaintiff by terminating her after a.) denying her accommodation requests outright, and b.) severely exaggerating the nature of the accommodation sought.

68.    Plaintiff believes and therefore avers that she was subjected to disability discrimination, because of (1) her actual, perceived or record of health conditions; (2) terminated in retaliation for her requests for reasonable accommodations (set forth *supra*); and (3) Defendant's failure to reasonably accommodate her (as set forth *supra*).

69.    These actions as aforesaid constitute violations of the ADA.

**COUNT II**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Retaliation)**

70.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

71.    Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

72.    Plaintiff requested leave for medical reasons from Defendant, her employer, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

73.    Plaintiff had at least 1,250 hours of service with Defendant during her last full year of employment.

10

74.     Defendant is engaged in an industry affecting commerce and employed at least fifty (50) or more employees within 75 miles of the location where Plaintiff worked for Defendant for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

75.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block basis.

76.     Plaintiff requested FMLA-qualifying leave for her serious health conditions prior to her termination, which was approved through January of 2026.

77.     Defendant declined to permit Plaintiff to return to work following her invocation of FMLA leave, based upon fabricated and pretextual reasons.

78.     Defendant committed retaliation violations of the FMLA by terminating Plaintiff shortly after her attempt to return from FMLA-qualifying leave.

79.     These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

C.      Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish

Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress/pain and suffering);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law; and

F.      Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:      
Ari R. Karpf, Esq. (Attn. No. 91538)
8 Neshaminy Interplex, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801
akarpf@karpf-law.com
*Attorneys for Plaintiff*

Dated:  July 30, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Martha Beabes | : | CIVIL ACTION |
| v. | : | |
| Aion Management LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| | | |
|---|---|---|
| 7/30/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                          Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?         Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.   Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BEABES, MARTHA

**DEFENDANTS**
AION MANAGEMENT LLC

**(b)** County of Residence of First Listed Plaintiff    Franklin
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury – Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine / [ ] 368 Asbestos Personal | | [ ] 835 Patent – Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / Injury Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury – Medical Malpractice / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [X] 445 Amer. w/Disabilities – Employment / [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities – Other / **Other:** | **IMMIGRATION** | | |
| | [ ] 448 Education / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation – Transfer
- [ ] 8 Multidistrict Litigation – Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)
Brief description of cause:
Violations of the ADA, FMLA, PHRA and the PFPO.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE 7/30/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____